IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANGELA CREW-DOTHARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-248 (MTT) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

In this case, the Plaintiff has sued the United States, Department of Veterans' Affairs, and Carl Vinson VA Medical Center alleging discrimination in violation of various federal statutes. (Doc. 1). This Court entered an Order on November 15, 2013, instructing the Plaintiff to advise the Court, no later than December 16, 2013, as to the status of her efforts to serve the Defendants, and to show cause why her case should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to serve the Defendants. (Doc. 3). On December 13, 2013, the Plaintiff responded that she mailed a copy of the "Civil Suit" to the Regional Counsel Office of the Department of Veterans' Affairs by certified mail. (Doc. 4). The Plaintiff further indicated that she would mail another copy of the "Civil Suit" to the Regional Counsel Office. This is not the proper method of service pursuant to Fed. R Civ. P. 4(i), which requires a plaintiff serving an agency of the United States to deliver a copy of the summons and complaint to both the United States attorney in the district where the action is brought and to the Attorney General, in addition to serving the agency. Fed. R. Civ. P. 4(i)(1)-(2). Instead of dismissing the complaint for insufficient service of process, the Court on December 17, 2013 advised

the Plaintiff that her complaint would be dismissed if she did not perfect service within 21 days.  The Court attached Rule 4 to the Order and highlighted subsection 4(i) detailing the proper method of service for the United States, its agencies, officers, and employees.  (Doc. 5).  The Plaintiff responded to the Court's Order, attaching over 400 pages of documents dealing with the substance of her claim and prior administrative investigation but not further indicating that she complied with Rule 4(i) or explaining her failure to do so.  (Docs. 6 through 6-7).

Pursuant to Rule 4(m), the Court, after notice to the Plaintiff, must dismiss the action without prejudice if the Defendants are not served within 120 days after the complaint is filed, unless the Plaintiff shows good cause for the failure or the Court, in its discretion, extends the time for service without a showing of good cause.  Fed. R. Civ. P. 4(m).

The Plaintiff, having failed to explain why she has not properly served the Defendants, has made no showing of good cause.  Further, the Court finds no other circumstances warrant an extension of time.  Accordingly, the Plaintiff's complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this the 27th day of January, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT